**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**NEALLY CUNNINGHAM,**

    **Plaintiff,**

       **v.**                       **Civil Action No.  10-1860 (JEB)**

**U.S. ATTORNEY GENERAL ERIC**
**HOLDER, et al.,**

    **Defendants.**

---

**MEMORANDUM OPINION**

Plaintiff Neally Cunningham, a federal prisoner incarcerated in Jesup, Georgia, brings

this *pro se* action pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  Plaintiff

submitted a FOIA request to the United States Department of Justice seeking the production of

certain documents related to his conviction on federal drug charges.  DOJ conducted a search

that yielded grand jury transcripts, non-grand jury records, and some public records.  DOJ

withheld the grand jury transcripts, partially released the non-grand jury records, and requested

that Plaintiff take further administrative action in order to obtain the public records.  Plaintiff

then brought this lawsuit, contending that FOIA entitles him to the grand jury transcripts and

prohibits DOJ's decision on the public records.  DOJ has now filed a Motion for Summary

Judgment.  As the Court finds that DOJ's withholding of the grand jury transcripts was proper

and that Plaintiff has failed to exhaust his administrative remedies to obtain the public records,

the Motion will be granted.

I.      **Background**

On July 28, 2009, Plaintiff sent a FOIA request to DOJ's Executive Office for United States Attorneys (EOUSA).  See Dft. Motion, Attach. 1 (Declaration of Vinay Jolly), Exh A (Plaintiff's FOIA request).  In his request, Plaintiff sought: grand jury transcripts "pertaining to any and all testimony by [certain] government[] witnesses . . . and any witnesses that testified in front of the Grand Jury"; "any and all statements made to the Grand Jury by the Prosecutor"; and "[a]ny and all Discovery material related to [Plaintiff's] case."  Id.  On September 9, 2009, EOUSA sent a letter to Plaintiff acknowledging receipt of his request and giving him the option of narrowing the request in order to hasten the response time.  See Jolly Decl., ¶ 6; id., Exh B (EOUSA letter of receipt).  Plaintiff responded with a letter narrowing his request to  "discovery material obtained by the U.S. Attorney' [sic] office"; "Grand Jury Testimony From [two named] Government witnesses pertaining to the alleged drug transaction on 2-25-05 and 2-26-05"; and "Grand Jury testimony from the prosecutor . . . in regards to the alleged transactions in [Plaintiff's] indictment."  Jolly Decl., ¶ 7; id., Exh C (Plaintiff's September 15, 2009, letter).

EOUSA discovered relevant records located at the United States Attorney's office for the Middle District of Florida (USAO/MDFL) and subsequently forwarded Plaintiff's request to that office.  See Motion, Attach. 2 (Declaration of Lisa Tenhengel), ¶ 7.  USAO/MDFL performed a search using the Legal Information Office Network System (LIONS), which revealed approximately 57 pages of records responsive to Plaintiff's request that were located within DOJ and another 33 pages of public records.  See id., ¶¶ 7-12.  On October 9, 2009, the DOJ records were transferred to EOUSA, id., ¶ 12, which subsequently sent a letter to Plaintiff notifying him that responsive records had been located.  See Jolly Decl., Exh D (EOUSA response).

The 57 pages of DOJ records consisted of 15 pages of grand jury transcripts and 42 pages of non-grand jury materials related to the prosecution of Plaintiff.  See Jolly Decl., ¶ 8; id., Attach. A (Vaughn index).  EOUSA informed Plaintiff that the grand jury transcripts would be withheld in full based on FOIA Exemption 3.  See EOUSA response at 1; Vaughn index; Jolly Decl., ¶ 8.  The 42 pages of non-grand jury materials were treated as follows: 11 pages were released subject to redactions based on FOIA Exemption 7(C); 16 pages were withheld in full based on the same exemption and the Privacy Act, 5 U.S.C. § 552a; and the remaining 15 pages were immediately released to Plaintiff. See EOUSA response at 1; Vaughn index; Jolly Decl., ¶ 8.

As to the 33 pages of public records that were located, EOUSA notified Plaintiff that "[t]here are public records which may be obtained from the clerk of the court or [the EOUSA] office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request . . . subject to copying fees."  See EOUSA response at 2.

Finally, EOUSA's response letter also advised Plaintiff of his right to an administrative appeal with DOJ's Office of Information Policy (OIP).  Id.  On February 16, 2010, Plaintiff appealed to OIP, which decided to affirm EOUSA's decision.  See Jolly Decl., Exh E (Plaintiff's OIP appeal); id., Exh G (OIP decision).  Plaintiff subsequently filed this suit challenging EOUSA's decision.

## II.    Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A party asserting that a fact cannot be or is

genuinely disputed must support the assertion by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III.    Analysis

For ease of analysis, the Court has separated the records located by EOUSA into three separate groups: the 15 pages of grand jury transcripts, the 33 pages of public records, and the 42 pages of various non-grand jury records.  In justifying the partial withholding of the non-grand jury records, Defendants assert exemptions under FOIA, 5 U.S.C. § 552(b)(7)(C), and the Privacy Act, 5 U.S.C. § 552a(j)(2).  <u>See</u> EOUSA response at 1; Vaughn index; Jolly Decl., ¶ 8.  Plaintiff does not dispute the exemptions asserted for withholding these non-grand jury records.  Instead, he only argues that FOIA entitles him to the first two groups of documents – namely, the grand jury transcripts and the 33 pages of public records.  <u>See</u> Pl. Resp. at 1-4.  After briefly discussing the proper parties to this suit and the adequacy of EOUSA's records search, the Court will address the grand jury transcripts and the public records separately.

### A.  <u>Proper Parties</u>

As an initial matter, Defendants claim that Eric Holder and the United States are not proper parties to this suit.  Given that Plaintiff accedes, those Defendants may be dismissed and substituted by the proper party – DOJ.  This issue is, at any rate, rendered moot by the discussion that follows because Plaintiff's claim would be invalid as asserted against any of the parties.

### B.  <u>Adequacy of the Search</u>

There is little dispute here about the adequacy of Defendants' search for documents.  "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting <u>Truitt v. Dep't of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990)); <u>see also</u> <u>Steinberg v. U.S. Dep't of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994).  The adequacy of an agency's search for documents requested under FOIA is judged

by a standard of reasonableness and depends upon the facts of each case.  Weisberg v. U.S.

Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  There is no requirement that an agency

search every record system in response to a FOIA request, but only those records that are likely

to have responsive documents.  Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir.

1990).  To meet its burden, the agency may submit affidavits or declarations that explain in

reasonable detail the scope and method of the agency's search.  Perry v. Block, 684 F.2d 121,

126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are

sufficient to demonstrate an agency's compliance with FOIA. Id. at 127. On the other hand, if the

record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the

agency is not proper." Truitt, 897 F.2d at 542.

Plaintiff here does not challenge the adequacy of Defendants' search, and the Court

independently finds that the search was adequate.  To meet its burden, Defendants submitted the

declaration of Lisa Tenhengel. Tenhengel, a legal assistant at USAO/MDFL, affirms that she is

familiar with the procedures followed by that office when it responded to Plaintiff's FOIA

request. See Tenhengel Decl., ¶ 2.  Based on that knowledge, she adds that staff members at

USAO/MDFL followed procedures that are "entirely consistent with the EOUSA and the United

States Attorney's office procedures which were adopted to insure an equitable response to all

persons seeking access to records under FOIA/PA."  Id., ¶ 14.  These procedures included use of

the LIONS search system, which tracks civil, criminal, and appellate investigations and cases.

Id., ¶ 12.  According to Tenhengel, "[A]ny system of records within USAO/MDFL likely to

contain records responsive to [Plaintiff's] request have been searched," and "the search was

conducted utilizing methods which should identify any responsive records."  Id., ¶ 13.  The

Court thus finds that Defendants' search was adequate.

C.  <u>Grand Jury Transcripts</u>

The core of Plaintiff's claim is that FOIA entitles him to the withheld grand jury transcripts.  As the basis for withholding these transcripts, Defendants cite FOIA Exemption 3, which covers records "specifically exempted from disclosure by statute . . . provided that such statute [either] (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  The relevant statute here – Federal Rule of Criminal Procedure 6(e) – bars the disclosure of matters occurring before a grand jury.  <u>See</u> FED. R. CRIM. P. 6(e)(2)(B).  Because it was affirmatively enacted by Congress, Rule 6(e) is recognized as a "statute" for Exemption 3 purposes.  <u>See</u> <u>Fund for Constitutional Gov't. v. Nat'l Archives & Records Serv.</u>, 656 F.2d 856, 867 (D.C. Cir. 1981).  The Rule's grand-jury-secrecy requirement is applied broadly and embraces any information that "tend[s] to reveal some secret aspect of the grand jury's investigation, [including] the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."  <u>Lopez v. Dep't. of Justice</u>, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (internal quotation marks omitted).  In the absence of a statutory exception to the general presumption of grand jury secrecy, Rule 6 is "quite clear that disclosure of matters occurring before the grand jury is the exception and not the rule," and "the rule's ban on disclosure is for FOIA purposes absolute and falls within . . . Exemption 3."  <u>Fund for Constitutional Gov't.</u>, 656 F.2d at 868.[1]

In the face of this, Plaintiff's claim that FOIA entitles him to grand jury transcripts is unavailing.  Plaintiff's September 15, 2009, letter to EOUSA requests "Grand Jury Testimony

---

[1] The specific statutory exceptions to Rule 6, spelled out in Rule 6(e)(3), do not apply here, and Plaintiff does not maintain that they do.

From . . . Government witnesses pertaining to . . . alleged drug transaction[s]" and "Grand Jury testimony from the prosecutor."  He thus seeks to uncover the "identities of witnesses" and the "substance of testimony" – precisely what Rule 6 bars from disclosure.  As far as the Court can discern, Plaintiff's claim that he is entitled to the grand jury transcripts rests on two arguments: (1) "the public interest out weigh [*sic*] the exemptions cited by the defendant," and (2) the portions of the grand jury transcripts that he requests do not reveal the inner workings of the grand jury.  Pl. Resp. at 4.  Both claims lack merit.

### 1.   The Public Interest Claim

Whatever Plaintiff means by "public interest," it is simply not a cognizable response to an otherwise valid FOIA withholding based on Exemption 3.  To be sure, there are circumstances in FOIA cases in which "public interest" claims may be validly raised and considered.  Specifically, assertions of Exemption 7(C) may implicate "the public interest in disclosure."  Am. Civil Liberties Union v. U.S. Dept. of Justice, 655 F.3d 1, 12 (D.C. Cir. 2011).  Exemption 7(C) allows for the withholding of records compiled for law enforcement purposes if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "To determine whether disclosure of certain information would constitute an unwarranted invasion of privacy, the Court must balance the public interest in disclosure against the privacy interest of the individual mentioned in the record."  Blanton v. Dep't of Justice, 63 F. Supp. 2d 35, 45 (D.D.C. 1999).  Here, however, Defendants seek to shield the grand jury transcripts from disclosure, not based on Exemption 7, but rather on Exemption 3.  As such, Plaintiff's public interest argument does not disturb Defendant's assertion of Exemption 3.

2. *The "Inner Workings of the Grand Jury" Claim*

Plaintiff's next contention that "Grand Jury minutes can be disclosed if it does not reveal the inner workings of the grand jury" is equally meritless.  For this proposition, Plaintiff cites Fund for Constitutional Gov't., in which the court noted that "documentary information coincidentally before the grand jury" could be revealed if done "in such a manner that its revelation would not elucidate the inner workings of the grand jury."  656 F.2d at 870 (citing SEC v. Dresser, Inc., 628 F.2d 1368, 1383 (D.C. Cir. 1980)).  When placed in its proper context, Fund for Constitutional Gov't becomes less helpful to Plaintiff's cause than the quoted text might lead one to believe.

By referring to "information coincidentally before the grand jury," the court in Fund for Constitutional Gov't was drawing a distinction between the facts of that case and the facts in Dresser.  See id.  The Dresser Court had held that a grand jury investigation conducted by DOJ did not preclude another agency from simultaneously enforcing a subpoena duces tecum to gather information that was coincidentally before the grand jury.  The second agency was not seeking to "learn what took place before the grand jury," but only seeking information "for its own sake for its intrinsic value in the furtherance of a lawful investigation."  Dresser, 628 F.2d at 1382.  By his own admission, Plaintiff here seeks precisely to learn what took place before the grand jury.  See Plaintiff's September 15, 2009, letter.  Neither Dresser nor Fund for Constitutional Gov't, therefore, provides any support for his claim of entitlement to grand jury transcripts.

The fact remains that grand jury materials that reveal the "strategy or direction of [an] investigation" are firmly proscribed.  Lopez v. Dep't. of Justice, 393 F.3d at 1349.  And whether Plaintiff believes they reveal the inner workings of the grand jury or not, the information he

seeks – "grand jury minutes on the jury instructions as to the elements of the alleged criminal offense" – falls squarely outside those proscribed limits.

    D.  <u>Public records</u>

      In addition to seeking grand jury transcripts, Plaintiff also claims that EOUSA violated FOIA by not releasing the 33 pages of public records to him.  Defendants respond by claiming that he failed to exhaust his administrative remedies.  Dft. Reply. at 3.  Plaintiffs are generally required to exhaust their administrative remedies before filing a suit in federal court.  <u>See</u> <u>Hidalgo v. FBI</u>, 344 F.3d 1256, 1258 (D.C. Cir. 2003); <u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57, 61 (D.C. Cir. 1990).  Although exhaustion is not a jurisdictional requirement, <u>Wilbur v. CIA</u>, 355 F.3d 675, 677 (D.C. Cir. 2004), a court may nonetheless dismiss a case when a plaintiff fails to exhaust his administrative remedies if "the purposes of exhaustion" and the "particular administrative scheme" support denying judicial review to the plaintiff.  <u>Hidalgo</u>, 344 F.3d at 1259; <u>see also</u> <u>Oglesby</u>, 920 F.2d at 61 ("[C]ourts usually look at the purpose of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing.") (citing <u>McKart v. United States</u>, 395 U.S. 185, 193 (1969)).  The purposes of exhaustion include "preventing premature interference with agency processes, affording the parties and the courts the benefit of the agency's experience and expertise, or compiling a record which is adequate for judicial review." <u>Hidalgo</u>, 344 F.3d at 1259 (internal citations omitted).

      In this case, FOIA's specific administrative procedures, clear deadlines for processing requests, and detailed provisions on appeal all suggest that FOIA is an administrative scheme that not only requires exhaustion of administrative remedies, but, moreover, permits a court to dismiss a case when a plaintiff fails to exhaust his administrative remedies.  <u>Id.</u> at 1259 (citing

Sinito v. United States Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999)); Oglesby, 920 F.2d

at 61-62 (citing Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir.

1986)).  Indeed, "[i]t goes without saying that exhaustion of remedies is required in FOIA cases."

Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987)

        Here, Plaintiff failed to exhaust his administrative remedies when he decided to bypass

EOUSA's requirement that he take further administrative action in order to obtain the public

records.  Defendants notified Plaintiff that in order to obtain those records, he had to submit a

"specific request" and pay copying fees.  See EOUSA response at 2.  Neither of these additional

administrative requirements is improper.

        First, EOUSA's request that Plaintiff submit a separate specific request for the public

records is consistent with FOIA's requirements.  See McLaughlin v. U.S. Dep't of Justice, 598 F.

Supp. 2d 62, 66 & n.2 (D.D.C. 2009).  In McLaughlin, a FOIA requester demanded that EOUSA

release records relating to the investigation that led to his indictment.  Id. at 64.  The court, in

granting summary judgment to EOUSA, refused to find bad faith in EOUSA's explanation that

an initial request is considered one for non-public records and that a new request for public

records must be separately submitted.  Id. at 66.  The court noted that EOUSA's decision was

consistent with FOIA's statutory requirement that agencies "make records promptly available," 5

U.S.C. § 552(a)(3)(A), because, unlike non-public records, public records can generally be

released more quickly without any need to process them for redactions.  See McLaughlin, 598 F.

Supp. 2d. at 66 & n.2.  The requirement of a specific request for public records thus makes sense.

        Second, an agency may assess fees for the processing of FOIA requests, 5 U.S.C. §

552(a)(4)(A), and a FOIA requester does not exhaust his remedies "until the required fees are

paid or an appeal is taken from the refusal to waive fees."  Oglesby, 920 F.2d at 66.  In

McLaughlin, the court found it permissible that EOUSA did not further process the plaintiff's public records request until he agreed to pay copying fees.  See 598 F. Supp. 2d at 66.

Plaintiff here failed to pay the required copying fees, failed to request a waiver of those fees, failed to raise this issue in his appeal to OIP, and failed to submit a specific request for public records as required by EOUSA.  Because Plaintiff has declined to pursue these options, the Court finds that he has not fulfilled his obligation to exhaust administrative remedies. Plaintiff has a simple option if he truly seeks to obtain these public records: he may request the documents following the procedures that EOUSA outlined in its response letter.

## IV.   Conclusion

As the Court finds that Defendants' asserted FOIA exemption is valid and that Plaintiff failed to exhaust his administrative remedies, the Court will grant Defendants' Motion for Summary Judgment.  A separate Order consistent with this Opinion will issue today.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  February 10, 2012